**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>JOSE ANGEL VILLASENOR, AKA<br>Pepito,<br><br>        Defendant - Appellant. | No. 10-10273<br><br>D.C. No. 2:07-cr-00248-WBS-18<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted June 13, 2012[**]
San Francisco, California

Before: GOULD, TALLMAN, and BEA, Circuit Judges.

Defendant-Appellant Jose Villaseñor was convicted in the U.S. District

Court for the Eastern District of California of one count of conspiring to distribute

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

methamphetamine, cocaine, marijuana, and MDMA (also known as "ecstasy"), and two counts of using a telephone to facilitate a drug trafficking conspiracy, both federal crimes. We AFFIRM his conviction.

Villaseñor contends on appeal that the evidence at trial proved the existence of two separate conspiracies—one in California and one in Ohio—but that Villaseñor had no knowledge of or participation in the Ohio conspiracy and so could not have been convicted of participating in the combined conspiracy. This is contradicted by the testimony at trial. Villaseñor's co-conspirator, Mario Diaz, testified that Villaseñor sold Diaz a car with a hidden compartment for transporting drugs. When Villaseñor asked Diaz why Diaz wanted the car, Diaz testified: "I told [Villaseñor] that I need a reliable, dependent car for long distance *because I wanted it to travel out of state.*" Thus, there was sufficient evidence to show that Villaseñor knowingly participated in an out-of-state drug distribution ring. Based on this evidence, and granting all reasonable inferences to the government, *see United States v. Stanton*, 501 F.3d 1093, 1100 (9th Cir. 2007), the jury could have

reasonably inferred that Villaseñor and Diaz engaged in the single, multi-state conspiracy of which he was convicted.[1]

Villaseñor contends that the conviction must be reversed because the indictment charged Villaseñor with participating in a conspiracy "to distribute methamphetamine *and* cocaine *and* marijuana *and* MDMA [commonly known as ecstasy]," but the government presented no evidence that Villaseñor distributed MDMA. Villaseñor's claim fails because, in a conspiracy case, the law is clear that "[t]he government may charge in the conjunctive form that which the statutes denounce disjunctively, and evidence supporting any one of the charges will support a guilty verdict." *United States v. Abascal*, 564 F.2d 821, 832 (9th Cir. 1977).

Finally, Villaseñor contends that the use of the Federal Rule of Evidence 902(11) self-authentication procedure and the admission of the subscriber record violated his Confrontation Clause rights. We decline to decide the merits of this issue. Even assuming constitutional error, any error would have been harmless beyond a reasonable doubt. *See United States v. Norwood*, 603 F.3d 1063, 1068

---

[1] For the same reason, Villaseñor's claim that a variance occurred between indictment and proof fails. If the evidence supports the existence of a single conspiracy, then there could not have been any variance between indictment and conviction.

(9th Cir. 2010). There was substantial evidence showing conclusively that Villaseñor was the subscriber of the relevant phone number, including: a T-Mobile receipt for the relevant phone number, containing Villaseñor's name, discovered at his home; testimony that the voice heard in calls to that phone number was Villaseñor's; a business card showing that Villaseñor used that phone number; and a phone seized at Villaseñor's home containing a cellphone SIM card showing the phone number in question.

AFFIRMED.